No. 542

SWAN CREEK LUMBER CO. v. HAAS, et

Ohio Appeals, 6th Dist. Lucas Co.

No. 1831.  Decided May 23, 1927.

755. MECHANICS LIENS—Affidavit for

—Where original contractor enters into a written contract with owner for remodeling a garage and later enters into another written agreement for construction of a breakwater, jetty and cistern, said second contract being unknown to the material man, and where neither affidavit for lien or amended petition of material man mention the jetty, breakwater or cistern, the lien filed is limited to materials furnished under the garage contract.

297. CONTRACTS—Knowledge—Material man—Material man who furnishes supplies to original contractor is chargeable with knowledge of contracts existing between the original contractor and the owner, and their nature.

In absence of fraud, material man is presumed to have notice of the terms of the original contract.

**First Publication of this Opinion**

RICHARDS, J.

This action was commenced in the Lucas Common Pleas by the Swan Creek Lumber & Supply Co. to enforce its lien for material furnished, claim for a balance of $1350.93 being made. The owner of the property upon which the lien is sought is Bernard Lempert and the original contractors were Charles and John Haas, partners, as Haas Brothers.

Plaintiff alleged that it furnished certain lumber, millwork and material to Haas Bros. for the remodeling, construction and repairing of a certain garage building, appurtenance and other building situated on certain lots.

The evidence shows that Haas Bros. entered into a contract with Lempert for an addition to a garage on August 14, 1924. Plaintiff's amended petition alleged that the first material was furnished in Aug. 19, 1924, and the last on Nov. 6, 1924 and that the lien was filed Jan. 5, 1925.

On Nov. 6, 1924, Haas Bros. entered into another written contract with Lempert for construction of a breakwater in the lake in front of the premises and a jetty and a cistern on the premises. Plaintiff claims a lien for material furnished for the garage, for the breakwater, jetty and cistern. On appeal, the Court of Appeals held:—

1. The affidavit for the lien states that plaintiff "furnished certain lumber, millwork and building material in and for remodeling, constructing and repairing a certain garage building, appurtenance and other building situated on the land hereinafter described in pursuance to a certain contract with Charles M. Haas and John W. Haas, co-partners." The amended petition follows the language of the affidavit. Both affidavit and the amended petition mention only one contract and charge that it was material for a garage building, appurenance and other building, and neither mentions a jetty, breakwater or cistern.

2. In no event, can an affidavit for a mechanics lien for material furnished for a garage, appurtenance and other building be broad enough to include material furnished for constructing a breakwater, a jetty and a cistern all of which were constructed under separate and independent contracts; and we know of no definition of the word "appurtenance" which holds that a cistern, breakwater or jetty could be appurtenant to a garage or an incident or extra thereto.

3. It is urged that plaintiff did not have knowledge that there was separate contracts. Although the procedure by which a mechanics lien is enforced is of an equitable nature, the existence of the lien itself can only be based upon the language of the statute and does not involve any consideration of equity. There is nothing in the statute which makes the knowledge of the material man, or his lack of knowledge, an element in determining the right to a lien.

4. It is claimed that it would work a hardship on plaintiff if it were deprived of a lien, which is no doubt true; but to construe the statute as to hold the owner liable under separate contracts made between the original contractor and material man, when the lien and amended petition are based on one contract, and the owner has already made large payments to the original contractor, would be a hardship on the owner.

5. When a material man furnishes supplies under a contract with the original contractor, he is chargeable with knowledge of whatever contracts exist between the contractor and the owner and the nature thereof. In the absence of fraud, the materialman is presumed to have notice of the terms of the original contract. Bullock v. Horn, 44 OS. 420, 424.

6. Therefore the lien which was filed is not for materials furnished for the cistern, breakwater and jetty, but same must be limited to materials furnished under the garage contract.

Decree accordingly.

(Lloyd, J., concur; Williams, J., dissents.)

Attorneys—Charles C. Bryce and Lawrence E. Duffey for Lumber Co.; Charles K. Friedman and Stanley M. Friedman for Lempert; all of Toledo.